**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-1372**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

B.C. ENTERPRISES, INCORPORATED, d/b/a Aristocrat Towing;
ARISTOCRAT TOWING, INCORPORATED,

                Defendants - Appellants.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Robert G. Doumar, Senior
District Judge. (2:08-cv-00590-RGD-DEM)

---

Submitted:  August 18, 2011        Decided:  August 29, 2011

---

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

S. Lawrence Dumville, Christopher D. Supino, NORRIS, ST. CLAIR &
LOTKIN, Virginia Beach, Virginia, for Appellants.
Thomas E. Perez, Assistant Attorney General, Dennis J. Dimsey,
Nathaniel S. Pollock, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While U.S. Navy Lieutenant Yahya Jaboori was deployed to Iraq, B.C. Enterprises, Inc. towed his car from a Virginia apartment complex and sold it without a court order. The United States sued B.C. Enterprises for violating the Servicemembers' Civil Relief Act (SCRA), 50 U.S.C. App. § 537, and subsequently discovered the company had done the same thing to upwards of twenty other individuals serving in the military. B.C. Enterprises moved to substitute the plaintiff, or alternatively, to dismiss the case for lack of standing. The district court denied the motion and ruled that the United States had a non-statutory right to sue under the SCRA on behalf of servicemembers. The parties filed cross motions for summary judgment, and the district court granted the United States' motion as to liability. B.C. Enterprises moved for dismissal again on the grounds that the United States lacked authority to sue for damages on behalf of servicemembers. The district court denied B.C. Enterprises' motion and held that "the government has a non-statutory right to sue under the SCRA which is supported by its strong interest in the national defense . . . ." J.A. 108 (citations and quotations omitted). The district court certified an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

2

This Court initially stayed B.C. Enterprises' interlocutory appeal pending our decision in <u>Andre Gordon v. Pete's Auto Service of Denbigh, Inc.</u>, Case No. 09-2393, 2011 U.S. App. LEXIS 2816 (4th Cir. 2011). Just before oral argument in <u>Gordon</u>, Congress amended the SCRA by enacting the Veterans Benefits Act of 2010, Pub. L. No. 111-275, 124 Stat. 2864, 50 U.S.C. App. § 597. We ordered supplemental briefing in the present case and now affirm the district court's ruling.

This appeal presents a question of law that we review de novo: whether the United States can sue for damages under the SCRA, 50 U.S.C. App. § 537. "The Servicemembers Civil Relief Act is part of a long record of congressional concern for the domestic affairs of those in military service." <u>Gordon</u>, 637 F.3d at 457. It was enacted "to provide for, strengthen, and expedite the national defense" by protecting a variety of servicemembers rights so they can "devote their entire energy to the defense needs of the Nation." 50 U.S.C. App. § 502(1). While the law has been "reenacted . . . and expanded the Act numerous times between 1942 and 2003," <u>Gordon</u>, 637 F.3d at 458, the relevant provision presently states that

> A person holding a lien on the property or effects of
> a servicemember may not, during any period of military
> service of the servicemember and for 90 days
> thereafter, foreclose or enforce any lien on such
> property or effects without a court order granted
> before foreclosure or enforcement.

3

50 U.S.C. App. § 537(a)(1). The Veterans Benefits Act of 2010 further amended the SCRA to state that

> The Attorney General may commence a civil action in any appropriate district court of the United States against any person who --
>
> > (1) engages in a pattern or practice of violating this Act [50 U.S.C. App. §§ 501 et seq.]; or
> >
> > (2) engages in a violation of this Act [50 U.S.C. App. §§ 501 et seq.] that raises an issue of significant public importance.

50 U.S.C. App. § 597(a). This amendment also described a range of equitable, declaratory, and monetary relief. Id. at (b).

This case involves a straightforward application of Gordon, which concerned whether the new amendments to the SCRA applied retroactively. Gordon held that the amendments did "not alter the rights, liabilities, or duties of" the litigants and were "[i]n essence, [] a jurisdictional change," that "merely regulate[d] the secondary conduct of litigation and not the underlying primary conduct of the parties." Gordon, 637 F.3d at 461 (citations and quotations omitted). Therefore, Gordon concluded, "[t]he presumption against retroactivity is [] not triggered and on remand the district court should give effect to Congress's latest enactment." Id. Here too, the amendments apply to the current litigation, since they simply effect

4

jurisdiction and recodify the government's pre-existing right to sue on behalf of servicemembers.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] As the district court rightly pointed out, our Court has held that under the SCRA's precursor, "the interest of the national government in the proper implementation of its policies and programs involving the national defense is such as to vest in it the non-statutory right to maintain this action." United States v. Arlington County, 326 F.2d 929, 932-933 (4th Cir. 1964). Furthermore, the United States has repeatedly enforced the SCRA and its predecessors in other jurisdictions and none have held that the United States lacked authority to do so. See, e.g., Sullivan v. United States, 395 U.S. 169 (1969); United States v. Commonwealth of Puerto Rico, 478 F.2d 451 (1st Cir. 1973); United States v. Champaign County, Illinois, 525 F.2d 374 (7th Cir. 1975); United States v. Kansas, 810 F.2d 935 (10th Cir. 1987). Therefore, even without the new amendments to the SCRA, the United States possessed a non-statutory right to sue on behalf of servicemembers.